# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**JEFFREY SHERMAN**,

        Plaintiff,

vs.

**KINGS YACHT MIAMI, LLC**, a Florida limited liability company, **KINGS YACHT MANAGEMENT, INC.**, a Florida corporation, and **KUTAY SATIROGLU**, individually,

        Defendants.
_____/

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

COMES NOW, Plaintiff JEFFREY SHERMAN ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Violation of the Fair Labor Standards Act against Defendants KINGS YACHT MIAMI, LLC, a Florida limited liability company ("KINGS YACHT"), KINGS YACHT MANAGEMENT, INC., a Florida corporation ("KINGS YACHT MANAGEMENT"), and KUTAY SATIROGLU, individually ("KUTAY") (KINGS YACHT, KINGS YACHT MANAGEMENT, and KUTAY collectively referred to as the "Defendants") and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, who was employed by KINGS YACHT from on or about June 17, 2019 through July 23, 2019, brings this action against Defendants to redress the deprivation of rights secured to Plaintiff by the minimum wage and maximum hour provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA") and the Florida Minimum Wage Act, Fla. Stat. §448.110 (hereinafter the

1

"FMWA"), and to recover unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs, as well as damages due to the retaliation that Plaintiff was subjected to by the Defendants.

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiff was a resident of the County of Miami-Dade, Florida.

5. At all times material hereto, KINGS YACHT was a company doing business in Florida with its current business address at 5401 Collins Avenue, CU-6, Miami Beach, Florida 33140 and/or 5445 Collins Avenue, CU-10, Miami Beach, Florida 33140, both of which are in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates a yacht and jet ski rental and management business in Miami-Dade County, Florida, as demonstrated on its internet websites at www.kingsyachtsmiami.com, www.facebook/kingsyachtsmiami, and www.kingsyachtmanagement.com.

6. Upon information and belief, KINGS YACHT MANAGEMENT is a successor in interest of KINGS YACHT in that it acquired substantially all of the assets, equipment, and business of KINGS YACHT.  In fact, KINGS YACHT MANAGEMENT operates the same business, and uses the same offices, logo and assets of KINGS YACHT, and promotes the same business concept as KINGS YACHT.  As such, there is sufficient continuity in the business operations of KINGS YACHT.  Furthermore, KUTAY is a

2

Manager of both KINGS YACHT and KINGS YACHT MANAGEMENT and, as such, KINGS YACHT MANAGEMENT had prior notice of the possible claims by Plaintiff. Finally, upon information and belief, KINGS YACHT is unable to provide any relief due to the fact that KINGS YACHT MANAGEMENT acquired and assumed all of the operations and assets of KINGS YACHT. See In re Nat'l Airlines, Inc., 700 F.2d 695, 698 (11th Cir. 1983); Cuervo v. Airport Services, Inc., Case No. 12-civ-20608-Goodman (S.D.Fla., Nov. 15, 2013).

7. During the time period from on or about June 17, 2019 through July 23, 2019, KINGS YACHT employed Plaintiff as "at-will", nonexempt, employee in various positions, including sales, maintenance, cleaning, logistics, administration, etc. at KINGS YACHT in Miami-Dade County, Florida.

8. Plaintiff is informed and believes that at all times material hereto, Defendant KUTAY was a resident of the County of Miami-Dade, State of Florida.

9. At all times material hereto, Defendant KUTAY was an officer and/or administrator of and a direct or indirect supervisor and employer of Plaintiff within the meaning of 29 U.S.C. §203(d) in that Defendant KUTAY was the Managing Member of Defendant KINGS YACHT and acted directly in the interest of KINGS YACHT in relation to its employees, including Plaintiff.

10. Plaintiff is informed and believes and hereby alleges that during the relevant time periods material hereto, the gross annual revenues of KINGS YACHT were in excess of $500,000.00 and is thus subject to the FLSA. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand

3

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

11. At all times material hereto, KINGS YACHT was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, KINGS YACHT operated a yacht and jet ski rental and management business (as demonstrated by its internet websites (www.kingsyachtsmiami.com, www.facebook/kingsyachtsmiami, and www.kingsyachtmanagement.com) that handled credit card transactions in its business, and is thus subject to the FLSA.

12. By reason of the foregoing, KINGS YACHT was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13. At all times material hereto, Plaintiff in performing his job duties was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business of KINGS YACHT, i.e., working in sales, maintenance, cleaning, logistics, administration, etc., which was directly essential to the business operated by KINGS YACHT. Furthermore, Plaintiff was engaged in interstate commerce because Plaintiff assisted with the yacht rentals and customer service for customers coming from outside of the State of Florida. See 29 C.F.R. §779.114.

14. As a nonexempt worker for the Defendants, Plaintiff worked well over forty (40) hours per week, coming in to work at 8:00 a.m. and working until at least 8:00 p.m.

and would also work odd hours, including receiving a yacht that was coming in to port at 5:00 a.m.

15. As a nonexempt worker for the Defendants, Plaintiff was not paid a minimum cash wage for any of the hours that he worked, as required by the FLSA. Plaintiff was only paid $100 on one occasion.

16. At all times material hereto, Plaintiff did not have a clear understanding as to how he was to be compensated with respect to his work.

17. Plaintiff complained on several occasions regarding the failure of Defendants to pay him the appropriate minimum wages and overtime compensation for the hours that he worked. Specifically, Plaintiff complained to Defendant KUTAY on numerous occasions and stated that if he was not compensated properly for his work, he would file a complaint with the U.S. Department of Labor Wage & Hour Division.

18. Following Plaintiff's complaints as aforementioned, Defendants KINGS YACHT and KUTAY terminated Plaintiff's employment.

COUNT I
VIOLATION OF THE MINIMUM WAGE PROVISIONS OF
THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

19. Plaintiff realleges and reaffirms Paragraphs 1 through 18 as if fully set out in this Count I.

20. During the period of time from on or about June 17, 2019 through July 23, 2019, Plaintiff worked in various positions for Defendants KINGS YACHT and KUTAY, including working in sales, maintenance, cleaning, logistics, administration, etc.

21. Defendants KINGS YACHT and KUTAY failed to pay Plaintiff the required minimum wages for the hours that he worked.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

22. As such, Defendants KINGS YACHT and KUTAY owe Plaintiff minimum wages for the weeks during which Plaintiff was paid less than the required minimum wage.

23. Defendants KINGS YACHT and KUTAY knew or should have known that Plaintiff suffered or was permitted to work for KINGS YACHT and KUTAY as defined in 29 U.S.C. §203(g).

24. Defendants KINGS YACHT and KUTAY failed and/or refused to compensate Plaintiff for such work at the federally mandated minimum wages, contrary to the provisions of the FLSA.

25. At all times material hereto, Defendants KINGS YACHT and KUTAY knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

26. At all times material hereto, Defendants KINGS YACHT and KUTAY failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

27. Defendants owe Plaintiff approximately $2,504.16 (37 days x 8 hours/day x $8.46) in minimum wages for the period of time from June 17, 2019 to July 23, 2019.

COUNT II
VIOLATION OF FLORIDA MINIMUM WAGE LAWS UNDER FLORIDA STATUTES §448.110

28. Plaintiff realleges and reaffirms Paragraphs 1 through 18 as if fully set out in this Count II.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

29. At all relevant times, Defendants KINGS YACHT and KUTAY have been and continue to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24.

30. At all relevant times, Defendants KINGS YACHT and KUTAY employed Plaintiff within the meaning of the Florida Minimum Wage Act.

31. Plaintiff brings this action as a former hourly employee of Defendants KINGS YACHT and KUTAY who willfully refused to pay a minimum wage during Plaintiff's employment. Plaintiff was only paid $100 during his entire employment with Defendants KINGS YACHT and KUTAY, thus Defendants paid Plaintiff at a rate less than the applicable minimum wage.

32. Defendants willfully violated the FMWA by failing to compensate Plaintiff at the applicable state minimum wage for all hours worked.

33. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

34. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants, compensation for unpaid wages, an additional amount as liquidated damages, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.110.

35. On October 28, 2020, Plaintiff, through counsel, sent a presuit notice to Defendants via U.S. Certified Mail as required by §448.110 et seq. of the Florida Statutes, and such notices were received by Defendants on November 4, 2020, but Defendants have failed and refused to respond to such notices.

36. Defendants owe Plaintiff approximately $2,504.16 (37 days x 8 hours/day x $8.46) in minimum wages for the period of time from June 17, 2019 to July 23, 2019.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

COUNT III
VIOLATION OF THE OVERTIME WAGE PROVISIONS OF
THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

37. Plaintiff realleges and reaffirms Paragraphs 1 through 18 as if fully set out in this Count III.

38. During the period of time from on or about June 17, 2019 through July 23, 2019, Plaintiff worked in various positions for Defendants KINGS YACHT and KUTAY, including working in sales, maintenance, cleaning, logistics, administration, etc.

39. During the mentioned period of time, Plaintiff worked as much as eighty-four (84) hours per week for the Defendants.

38. During the mentioned period of time, Plaintiff was not paid any overtime compensation for the hours that he worked over forty (40) per week.

40. As such, Plaintiff is owed overtime compensation, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq. for the hours that he worked over forty (40) per week.

41. Defendants knew or should have known that Plaintiff and others similarly situated suffered or were permitted to work for KINGS YACHT as defined in 29 U.S.C. §203(g).

42. Defendants failed and/or refused to compensate Plaintiff for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

43. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

44. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

45. Defendants owe Plaintiff approximately $2,791.80 (5 weeks x 44 hours of overtime/week x $12.69) in overtime wages for the period of time from June 17, 2019 to July 23, 2019.

COUNT IV
RETALIATION IN VIOLATION OF THE
FAIR LABOR STANDARDS ACT BY DEFENDANTS

46. Plaintiff realleges and reaffirms Paragraphs 1 through 18 as if fully set out in this Count IV.

47. Plaintiff complained on several occasions regarding the failure of Defendants to pay him the appropriate minimum wages and overtime compensation for the hours that he worked. Specifically, Plaintiff complained to Defendant KUTAY on numerous occasions and stated that if he was not compensated properly for his work, he would file a complaint with the U.S. Department of Labor Wage & Hour Division.

48. Such complaints about not receiving the appropriate minimum wages and overtime compensation constitute statutorily protected activity under the FLSA and other employment laws.

49. Following Plaintiff's complaints as aforementioned, Defendant KINGS YACHT and KUTAY terminated Plaintiff's employment in retaliation.

50. The termination of Plaintiff's employment because of his complaints constitutes adverse employment action by Defendants, such action being willful and/or

9

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

flagrant because Defendants knew that Plaintiff was entitled to minimum wages and overtime compensation for his work.

51. Such adverse employment action is directly and causally related to Plaintiff's complaints as aforementioned.

## PRESUIT DEMAND

52. On October 28, 2020, Plaintiff, through undersigned counsel, sent (via Certified Mail) a written demand to Defendants, as owners, managers and administrators of KINGS YACHT, including KUTAY, pursuant to Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983); Perez v. Palermo Seafood, Inc., 548 F.Supp.2d 1340, 1346 (S.D. Fla., 2008) demanding that the Defendants pay the amounts owed to the Plaintiff under the FLSA. Defendants, however, failed and refused to pay the amounts owed to Plaintiff.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

53. Plaintiff, by and through his undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants as follows:

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime wage provisions of the FLSA and the FMWA;

(b) Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA and the FMWA;

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321

(c)     Awarding Plaintiff compensation for all hours that he worked for Defendants, but for which he was not compensated at the statutory federally mandated minimum and overtime wages;

(d)     Awarding Plaintiff liquidated damages as provided by the FLSA;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f)     Awarding Plaintiff damages due to lost wages, mental anguish, loss of dignity, and other intangible injuries arising from Defendants' retaliation against Plaintiff; and

(g)     Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 1st day of December 2020.

LAW OFFICES OF
SANTIAGO J. PADILLA, P.A.

By:   s/Santiago J. Padilla
Santiago J. Padilla, Esq.
Florida Bar No.:  037478
Attorney for Plaintiff

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800
Miami, Florida 33131
Telephone: (305) 824-2400
Facsimile: (305) 468-6321
Email: sjp@padillalawoffice.com

11

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 | Fax: 305.468.6321